**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(GREENBELT DIVISION)**

_____ )
                                          )
In re:                                    )
                                          )
INFORMATION NETWORK, INC.                 )        Case No. 07-19789
                                          )
          Debtor.                         )        Chapter 7
                                          )
_____ )

**STIPULATION AND ORDER TO LIFT**
**AUTOMATIC STAY TO TERMINATE CONTRACT**

WHEREAS, on October 5, 2007 (the "Petition Date"),  Information Network, Inc.

(the "Debtor" or "Infonetic") filed for relief under chapter 7 of title 11 of the United States

Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of

Maryland in the bankruptcy case captioned In re Information Network, Inc., Case No.

07-19789 (the "Bankruptcy Case").  On or about October 9, 2007, Roger Schlossberg

was appointed Trustee for the Debtor (the "Trustee").  He has accepted that

appointment, has qualified and is acting in that capacity.

1

WHEREAS, the Corporation for National and Community Service ("CNCS") is a wholly-owned government corporation as defined in Title 5 U.S.C. § 103, and an as an Executive Agency as defined in 5 U.S.C. § 105.  The CNCS was established pursuant to the National and Community Service Trust Act of 1993, 42 U.S.C. § 12501 et seq.

WHEREAS, on November 26, 2002, CNCS entered into a hybrid performance-based, fixed-price contract numbered CNSHQC03001 (the "Contract") with Infonetic. The Contract included a performance period of one base year and up to six one-year options.  Under the terms of the Contract, Infonetic was to provide general information technology support services, including, but not limited to, integration of software, hardware, data base development and communication systems for both local and wide area networks.

WHEREAS, pursuant to section A.10 of the Contract and 48 C.F.R. § 52.212-4, CNCS may terminate the Contract for cause due to the Debtor's (i) default, (ii) failure to comply terms and conditions of the Contract, (iii) or failure to provide, upon request, adequate assurances of future performance.

WHEREAS, the Debtor ceased doing business as of the Petition Date and is no longer performing the services required under the Contract.

WHEREAS, the services provided under the Contract are critical to CNCS's continued operations.  Because the Debtor is no longer in business, the Debtor cannot fulfill its obligations under the Contract and CNCS must find another contractor to perform these services.  However, the appropriations obligated under the Contract cannot be released and/or used for replacement contract(s) until the Contract is terminated.

WHEREAS, the Trustee has not sought to assume the Contract, which, pursuant to 11 U.S.C. § 365(d)(1), will be deemed rejected on December 4, 2007.

WHEREAS, CNCS has no administrative expenses related to the Contract under section 503 of the Bankruptcy Code in the Bankruptcy Case, but reserves its rights to assert any other claims or actions against the Debtor's estate, including claims arising under sections 502 and 365(g) of the Bankruptcy Code.

**ACCORDINGLY IT IS HEREBY:**

ORDERED, that notice of this Stipulation and Order was sufficient; and it is further

ORDERED, that pursuant to section 362(d) of the Bankruptcy Code, to the extent the automatic stay is otherwise applicable, CNCS is hereby granted relief from the automatic stay, and the automatic stay is terminated with respect to CNCS's interest in the Contract; and it is further

ORDERED, that CNCS is hereby permitted to exercise its rights under applicable non-bankruptcy law with respect to the Contract, including but not limited to terminating the Contract under section A.10 of the Contract, the Federal Acquisition Regulations, and applicable U.S. Small Business Administration 8A regulations; and it is further

ORDERED, that the notice provisions under 48 C.F.R. § 49.402-3 are hereby deemed satisfied and/or waived and CNCS is permitted to immediately terminate the Contract for cause or pursue any other action permitted under applicable law; and it is further

ORDERED, that CNCS is not entitled to any administrative expenses related to the Contract under section 503 of the Bankruptcy Code, but may file any other claims or

actions, including claims arising under sections 502 and 365 of the Bankruptcy Code, against the Debtor's estate; and it is

ORDERED, that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

**End of Order**

**SEEN AND AGREED TO**:

**ROGER SCHLOSSBERG**
 **CHAPTER 7 TRUSTEE**
**INFORMATION NETWORK, INC.**

/s/ Wendy S. Tien
Wendy S. Tien
Shapiro Sher Guinot & Sandler
36 South Charles Street
Suite 2000
Baltimore, MD 21201
Tel. (410) 385-4273
Fax (410) 539-7611
wst@shapirosher.com

Counsel for Roger Schlossberg

**UNITED STATES OF AMERICA**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General, Civil

ROD J. ROSENSTEIN
United States Attorney

LARRY D. ADAMS
Assistant United States Attorney
36 S. Charles Street
Fourth Floor
Baltimore, MD 21201

/s/ Mary A. DeFalaise
J. CHRISTOPHER KOHN
TRACY J. WHITAKER
MARY A. DEFALAISE
Civil Division
United States Department of Justice
P.O. Box 875 Ben Franklin Station
Washington DC 20044
Tel. (202) 307-0183
Fax (202) 307-0494
Mary.defalaise@usdoj.gov

Counsel for CNCS

4