UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | |
| INFORMATION NETWORK, INC. ) | Case No. 07-19789 |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| THE UNITED STATES ) | |
|   OF AMERICA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROGER SCHLOSSBERG as ) | |
|   CHAPTER 7 TRUSTEE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MOTION BY THE UNITED STATES FOR RELIEF
FROM THE AUTOMATIC STAY TO TERMINATE CONTRACT**

The United States, on behalf of the Corporation for National and Community Service ("CNCS"), hereby moves, pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") and section 52.212 4 of the Federal Acquisition Regulation ("FAR"), for an order lifting the automatic stay so that CNCS may terminate its procurement contract with Information Network, Inc. (the "Debtor" or "Infonetic"). In support of this Motion, the United States respectfully states as follows:

**Background**

1. CNCS is a wholly-owned government corporation as defined in Title 5 U.S.C. § 103, and an as an Executive Agency as defined in 5 U.S.C. § 105. The CNCS was established pursuant to the National and Community Service Trust Act of 1993, 42 U.S.C. § 12501 et seq.

2. On October 5, 2007 (the "Petition Date"), the Debtor filed for relief under chapter 7 of the Bankruptcy Code. On or about October 9, 2007, Roger Schlossberg was appointed Trustee for the Debtor (the "Trustee").

3. On November 26, 2002, CNCS entered into a hybrid performance-based, fixed-price contract numbered CNSHQC03001 (the "Contract") with Infonetic. The Contract included a performance period of one base year and up to six one year options. Under the terms of the Contract, Infonetic was to provide general information technology support services, including, but not limited to, integration of software, hardware, data base development and communication systems for both local and wide area networks.

4. The Debtor ceased doing business as of the Petition Date and is no longer performing the services required under the Contract.

**Argument**

5. The United States submits, as a general matter, that terminating a procurement contract, such as the Contract in this case, is not an act to exercise control over property of the estate because the right to continued performance under a procurement contract is not property of a debtor and, therefore, never property of the estate. See e.g., Krygoski Construction Co. v. United States, 94 F.3d 1537, 1540 (Fed. Cir. 1996) (government always posses the power to terminate its contracts).

6.      However, in an abundance of caution, the United States seeks relief from the automatic stay in this case so that CNCS can terminate the Contract under section 362 of the Bankruptcy Code, which provides in relevant part that relief from the stay may be granted for cause, including lack of adequate protection. 11 U.S.C. § 362(d).

7.      Pursuant to section A.10 of the Contract and 48 C.F.R. § 52.212 4, CNCS may terminate the Contract for cause due to the Debtor's (i) default, (ii) failure to comply terms and conditions of the Contract, (iii) or failure to provide, upon request, adequate assurances of future performance. The Debtor is no longer in business and cannot fulfill any future obligations under the Contract. Thus, cause exits to terminate the Contract.

8.      Further, the services provided under the Contract are critical to CNCS's continued operations. Because the Debtor no longer exists and its estate is being liquidated, CNCS must find another contractor to perform these services. However, the appropriations obligated under the Contract cannot be released and/or used for replacement contract(s) until the Contract is terminated. The Trustee has also not sought to assume the Contract, which, pursuant to 11 U.S.C. § 365(d)(1), will be deemed rejected on December 4, 2007. Accordingly, because the Debtor can no longer perform under the Contract, and because the Contract will soon no longer be part of the estate,[1] cause exists to lift the automatic stay so that CNCS can terminate the Contract immediately.

9.      The United States has shared a copy of this Motion with the Trustee and understands that the Trustee does not object to the relief being sought by CNCS.

---

[1] CNCS also has no administrative expenses related to the Contract under section 503 of the Bankruptcy Code.

WHEREFORE, based on the foregoing, CNCS respectfully submits that the Court enter an order lifting the automatic stay with respect to the Contract.

Dated:  November 30, 2007					Respectfully submitted,

							JEFFREY S. BUCHOLTZ
							Acting Assistant Attorney General, Civil

							ROD J. ROSENSTEIN
							United States Attorney

							LARRY D. ADAMS
							Assistant United States Attorney
							36 S. Charles Street
							Fourth Floor
							Baltimore, MD 21201


							/s/ Mary A. DeFalaise
							J. CHRISTOPHER KOHN
							TRACY J. WHITAKER
							MARY A. DEFALAISE
							Civil Division
							United States Department of Justice
							P.O. Box 875 Ben Franklin Station
							Washington DC 20044
							Tel. (202) 307-0183
							Fax (202) 307-0494
							mary.defalaise@usdoj.gov

							Counsel for CNCS