UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| _____ ) | |
| In re:                                                       ) | |
|                                                                 ) | |
| INFORMATION NETWORK, INC.                  ) | Case No. 07-19789 |
|                                                                 ) | |
| Debtor.                                                    ) | Chapter 7 |
|                                                                 ) | |
| _____ ) | |
|                                                                 ) | |
| THE UNITED STATES                              ) | |
|   OF AMERICA,                                         ) | |
|                                                                 ) | |
|                   Movant,                                 ) | |
|                                                                 ) | |
|                      vs.                                     ) | |
|                                                                 ) | |
| ROGER SCHLOSSBERG as                       ) | |
|   CHAPTER 7 TRUSTEE,                          ) | |
|                                                                 ) | |
|                   Respondent.                          ) | |
|                                                                 ) | |
| _____ ) | |

**MOTION BY THE UNITED STATES FOR RELIEF
FROM THE AUTOMATIC STAY TO TERMINATE CONTRACT**

The United States, on behalf of the National Aeronautics and Space Administration's ("NASA") Goddard Space Flight Center ("Goddard"), hereby moves, pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") and the Federal Acquisition Regulations ("FAR"), for an order lifting the automatic stay so that Goddard may terminate its procurement contract with Information Network, Inc. (the "Debtor" or "Infonetic"). In support of this Motion, the United States respectfully states as follows:

## Background

1.      On October 5, 2007 (the "Petition Date"), the Debtor filed for relief under chapter 7 of the Bankruptcy Code.  On or about October 9, 2007, Roger Schlossberg was appointed Trustee for the Debtor (the "Trustee").

2.      Prior to the Petition Date, Goddard awarded Infonetic that certain "cost plus award fee" contract numbered NNGO4AZ05C (the "Contract").  Under the terms of the Contract, the Debtor was to provide Goddard and NASA's headquarters with certain services, including, but not limited to, services related to management and administration, communications, computer graphics, conference support, photography, equipment maintenance and printing management.

3.      The Contract included a performance period of five years ending on January 31, 2009.  Goddard obligated approximately $29.5 million under the Contract to pay the Debtor for its services, of which approximately $5 million remains obligated.

4.      The Debtor ceased doing business as of the Petition Date and is no longer performing the services required under the Contract.

## Argument

5.      The United States submits, as a general matter, that terminating a procurement contract, such as the Contract in this case, is not an act to exercise control over property of the estate because the right to continued performance under a procurement contract is not property of a debtor and, therefore, never property of the estate. See e.g., Krygoski Construction Co. v. United States, 94 F.3d 1537, 1540 (Fed. Cir. 1996) (government always posses the power to terminate its contracts).

2

6.      However, in an abundance of caution, the United States seeks relief from the automatic stay in this case so that Goddard can terminate the Contract under section 362 of the Bankruptcy Code, which provides in relevant part that relief from the stay may be granted for cause, including lack of adequate protection.  11 U.S.C. § 362(d).

7.      Pursuant to the Contract and section 52.249-6 of the FAR, Goddard may terminate the Contract if Infonectic defaults, which includes failing to "make progress in the work so as to endanger performance." 48 C.F.R. § 52.249-6(a)(2).  The Debtor is no longer in business and cannot fulfill any future obligations under the Contract.  Thus, cause exits to terminate the Contract.

8.      Further, the services provided under the Contract are critical to Goddard's continued operations.  Because the Debtor no longer exists and its estate is being liquidated, Goddard must find another contractor to perform these services.  However, the appropriations obligated under the Contract cannot be released and/or used for replacement contract(s) until the Contract is terminated.

9.      The Trustee did not seek to assume the Contract, which, pursuant to 11 U.S.C. § 365(d)(1), was rejected on December 4, 2007.  Accordingly, because the Debtor can no longer perform under the Contract, and because the Contract is longer be part of the estate,[1] cause exists to lift the automatic stay so that Goddard can terminate the Contract immediately.

10.     The United States has shared a copy of this Motion with the Trustee and understands that the Trustee does not object to the relief being sought by Goddard.

---

[1]  Goddard also has no administrative expenses related to the Contract under section 503 of the Bankruptcy Code.

WHEREFORE, based on the foregoing, Goddard respectfully submits that the Court enter an order lifting the automatic stay with respect to the Contract.

Dated: December 6, 2007

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General, Civil

ROD J. ROSENSTEIN
United States Attorney

LARRY D. ADAMS
Assistant United States Attorney
36 S. Charles Street
Fourth Floor
Baltimore, MD 21201

/s/ Mary A. DeFalaise
J. CHRISTOPHER KOHN
TRACY J. WHITAKER
MARY A. DEFALAISE
Civil Division
United States Department of Justice
P.O. Box 875 Ben Franklin Station
Washington DC 20044
Tel. (202) 307-0183
Fax (202) 307-0494
mary.defalaise@usdoj.gov

Counsel for NASA Goddard